IN THE CIRCUIT COURT OF CLARK COUNTY, ARKANSAS
_____DIVISION

**MARY D. COOPER**                                                           PLAINTIFF

VS.                          NO. 10CV-13-48

**FRED'S STORES OF TENNESSEE, INC.**
**D/A/B FRED'S STORE # 1045**

**FILED**
MARTHA J. SMITH
APR 18 2013
CIRCUIT CLERK
CLARK COUNTY, ARKANSAS

## COMPLAINT

COMES NOW the Plaintiff, Mary D. Cooper, by and through The Law Offices of Peter A. Miller, and for her Complaint against the Defendant states:

### JURISDICTION AND VENUE

1. That Plaintiff, Mary D. Cooper, is a resident of Arkadelphia, Clark County, Arkansas. That Defendant Fred's Stores of Tennessee, Inc. is a foreign, for profit corporation registered in the State of Tennessee and doing business in Arkadelphia, Arkansas. Its' registered agent is Jerry Shore, 4300 New Getwell Rd., Memphis, Tn. 38118-6801.

2. That the incident giving rise to this cause of action occurred in Arkadlephia, Clark County, Arkansas, and this Court has jurisdiction of the parties and the subject matter herein and this is the proper venue for this cause of action.

### BASIC PREMISE

3. This is a negligence cause of action for personal injuries proximately caused on September 4th, 2012 by the negligence of Defendant Fred's Store # 1045 for negligently placing a palate upon which were stacked boxes of product in a store isle in such a way as to create a trip hazard for shoppers in that isle and particularly for shoppers pushing shopping carts.

## FACTUAL ALLEGATIONS

4. At all times mentioned in this complaint, defendant owned, operated and controlled a certain retail store, known as Fred's Store #1045, located at 2750 Pine Street, Arkadelphia, Arkansas 71923.

5. At all times mentioned in this complaint, defendant had the duty to maintain the premises in a reasonably safe condition for retail customers, including plaintiff, and to provide in particular an aisle or other suitable place from which the customers, including plaintiff, could view the merchandise and make their purchases. In violation of this duty, defendant maintained in one of the aisles provided for customers one or more commercial pallets stacked with product, the base and corner of which was not readily observable by patrons of the store whenever patrons were shopping and/or making use of shopping carts. Defendant knew or had reason to know that this obstruction created an unreasonable risk of injury to those patronizing the store and could reasonably foresee that a patron, such as plaintiff, would trip and fall over the obstruction and be injured as a result.

6. On the date first mentioned above, September 4, 2012, while plaintiff traversed the above-mentioned aisle with a number of other patrons, looking at the

merchandise, pushing a shopping cart in which merchandise had been placed and moving with due care to avoid bumping into other patrons, as well as the display side of the isle, plaintiff tripped over the corner of a pallet, fell to the floor, and sustained a fractured right hip.

7. Defendant's negligence in failing to provide a reasonably safe aisle within which plaintiff might shop, and in maintaining the above-described obstruction in the aisle, was the proximate cause of plaintiff's injuries.

8. The above-described injuries to plaintiff were caused solely and proximately by the negligence of defendant and without any contributory negligence on the part of plaintiff.

9. As a result of these injuries, plaintiff has incurred medical, hospital, and nursing expenses and plaintiff will be required to incur further medical, hospital, and nursing expenses in the future.

10. Prior to the accident, plaintiff was an able-bodied person sixty years of age. As a result of the above-described injuries, plaintiff has become permanently disabled.

11. That Defendant was guilty of negligence which was the proximate cause of the above described accident, such negligent acts including but not limited to:

    a.    Failing to maintain a reasonably safe premises.

    b.    Placing products in the isles in such a way as to create a trip hazard.

    c.    Failing to conform to the applicable city and state safety laws relevant to the operation of a supermarket.

12. That as a direct and proximate result of the negligence and carelessness of the Defendant, Plaintiff Cooper sustained personal injuries; as a result of this, the Plaintiff suffered permanent physical injury, pain and mental distress; and incurred past and will incur future medical bills for treatment and care.

13. That Defendants are liable in damages to Plaintiff Cooper for all injuries and pain and suffering that Plaintiff suffered as a result of Defendant's negligence.

14. That Plaintiff demands a Jury trial on all issues.

**WHEREFORE**, Plaintiff prays for judgment against the Defendants for an amount in excess of the jurisdictional limits of Federal Court, for costs, pecuniary injury compensation, personal injury, pain and suffering, and for all other just and proper relief to which he is entitled.

Respectfully Submitted,

The Law Offices of Peter Miller P.A.
1601 Broadway
Little Rock, Arkansas 72206
501-374-6300
800-726-6300

_____
PETER A. Miller
Attorney at Law
Atty# 80103